RECEIVED
IN ALEXANDRIA, LA

MAR -3 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PETER ROY ALFRED,　　　　　　　　　CIVIL ACTION
　　　　Plaintiff　　　　　　　　　　No. 1:07-cv-2098

VERSUS

FORCHT WADE CORRECTIONAL　　　　　JUDGE DEE D. DRELL
　　　CENTER, et al.,　　　　　　　MAGISTRATE JUDGE JAMES D. KIRK
　　　　Defendants

## REPORT AND RECOMMENDATION

Alfred filed a motion for summary judgment **(Doc. Item 15)** on May 13, 2008 as well as a motion for judgment on the pleadings **(Doc. Item 37)** on February 24, 2009. These motions were referred by the district judge and are currently before the undersigned for report and recommendation.

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Peter Roy Alfred ("Alfred"), on November 29, 2007 (Doc. Item 1).[1] The named defendants are Forcht Wade Correctional Center ("Forcht Wade"), Warden Venetia Michael ("Warden Michael"), Deputy Warden

---

[1] Plaintiff currently has four other civil suits pending in this District: **1:07-cv-986**, Alfred v. Public Safety & Corrections, et al.; **1:07-cv-1785**, Alfred v. Winn Correctional Center, et al.; **1:08-cv-0643**, Alfred v. Corr. Corp. of America, et al.; and **1:08-cv-0844**, Alfred v. Maxwell, et al.
　　Plaintiff has also acquired two "strikes" under the PLRA: **1:08-cv-0532**, Alfred v. Wilkinson, et al.; **1:08-cv-0554**, Alfred v. Loftwill, et al. and potentially, **1:08-cv-0844**, Alfred v. Maxwell, et al.

Anthony Batson ("Batson"), Dr. Hern, Laura Gehrig (Gehrig), W. Colt Palmer ("Palmer"), Richard Stalder ("Stalder"), Linda Ramsey ("Ramsey") and an unknown insurance company. Alfred alleges violation of his constitutional rights under the Eighth Amendment because defendants failed to provide proper medical care for his sleep apnea. For relief, Alfred requests an unspecified amount of monetary damages, punitive damages and injunctive relief.[2] Alfred is presently confined in Winn Correctional Center.

On May 15, 2008, the undersigned issued an order granting Alfred's motion for default judgment. (Doc. Item 19). In that order, I advised that all defendants were served in January of 2008 (07-cv-986, Doc. Items 82-85, 87-89) and their attorney, Jonathan Ray Vining, made an appearance on their behalf on February 20, 2008 by filing a motion for extension of time to file and answer (07-cv-986, Doc. Item 94); however, an answer was never filed. Therefore, Alfred's motion was granted but he was advised he must present a primae facie case before a judgment could or would be entered.

## Law and Analysis

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

---

[2] The remaining grounds for relief, to open a criminal probe, charge defendants with malfeasance in office and conspiracy to commit first degree murder and hold a trial by jury, are inappropriate as such an award is beyond the power of this court.

2

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Although a party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact, a defendant moving for summary judgment may rest on the absence of evidence to support the plaintiff's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265

3

(1986); International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). Once this burden has been established, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

Deliberate Indifference to Medical Care

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness", or, in other words, a conscious disregard of a substantial risk of harm. Farmer. v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994).

Alfred bears the burden of proving his claim for medical mistreatment under the Eighth Amendment, and he must prove the defendants' deliberate indifference by showing they "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir.

2001).

Alfred alleges that defendants were deliberately indifferent to his serious medical needs by denying him a CPAP breathing machine for his sleep apnea. Specifically, he states, they should have followed the recommendations of LSU doctor, Andrew L. Chasson, Jr., MD to provide a CPAP machine. In support, Alfred filed exhibits including a January 2004 sleep study report from Dr. Chasson which includes a note dated September 25, 2007 by Kelly Eaton, MSIII. (Doc. Item 15-4, p.1-2).

The report by Dr. Chasson notes that a CPAP breathing machine resulted in improvement and recommended that it be used. However, there is no evidence that such a machine was prescribed. In fact, other medical records, including the notes from Dr. Renick Webb, indicate that Alfred underwent prior sleep studies and was recommended for a CPAP study, but he never followed through. Additionally, the reliance on the note by Kelly Eaton, MSIII from September 25, 2007, two months after Alfred was transferred from Forcht Wade, is further support that Alfred was never prescribed or supplied a CPAP machine.[3]

Alfred was housed at Forcht Wade from June 12, 2007 to July 16, 2007. According to records produced by Alfred, the medical

---

[3] Alfred contends this September 2007 note proves that he needed a CPAP machine but even if defendants had the benefit of Dr. Chasson's 2004 report, they would not have the benefit of this note as it was written two months after he was transferred to Winn Correctional Center.

transfer form provided to Forcht Wade by Richwood Correctional Center on June 12, 2007 notes sleep apnea as a medical condition, but no mention is made about a CPAP machine. (Doc. Item 15-4, p.9). During the approximately six weeks he was at Forcht Wade, Alfred was seen by Forcht Wade's medical personnel on at least six occasions. (Doc. Item 15-4, p. 13-17).[4] In the "RDC Initial Intake Screening Form", the nurse notes that Alfred was "focused on sleep problems" and "seems obsessed with sleep problems". Additionally, on his medical problem list, sleep apnea was included. Thus, his complaints of sleep apnea were noted and acknowledged.

Not only was the diagnosis of sleep apnea noted and affirmed by the staff at Forcht Wade, but they also took the diagnosis into consideration when determining Alfred's duty status. He was placed on regular duty with the restriction of being provided a bottom bunk due to his sleep apnea. Further, despite telling Alfred that a work up regarding the sleep apnea would be addressed when he was

---

[4] Alfred states that he was housed in Forcht Wade Correctional Center and he names the same as a defendant in his complaint; however, the physician notes produced by Alfred which correspond to the time of this incarceration note David Wade Correctional Center as the correctional facility. According to the Department of Corrections website, Forcht Wade is a division of David Wade Correctional Facility (see, www.doc.louisiana.gov/view.php?cat=7&id=42) and this is supported by the fact the header of the "Medical Problem List" reads "David Wade Correctional Center/FWCC". Coupled with the fact that Alfred lists Forcht Wade at its Keithville address as the recipient of his medical records on his medical release form leads one to conclude that Alfred was in fact housed at Forcht Wade in Keithville, not David Wade in Homer.

transferred to his permanent facility,[5] on June 5, 2007, in an effort to follow up on Alfred's complaints and request for a CPAP machine, an authorization for medical records was sent to LSU.

Alfred has failed to meet his burden of proof even though it is eased by the fact defendants have not responded to his motion for summary judgment and that he is a pro se plaintiff. Instead of proving his case, the evidence he submitted indicates that the defendants took steps to note, assess and accommodate Alfred's sleep apnea condition during his six week stay at Forcht Wade. While Dr. Chesson's report does recommend the CPAP machine, other medical records in the file show that Alfred's failure to procure a CPAP machine. Further, despite the fact he alleged he had a CPAP machine at Allen Correctional Center in April of 2004, Alfred provides no further evidence to support his claim.

Regardless, even if Alfred was denied a CPAP machine by the defendants, he has shown no adverse effects from his failure to use a CPAP breathing machine for those six weeks. In fact, what he has proved was that his sleep apnea was somewhat accommodated in that he was provided a regular duty status with the safety restriction of being placed in a bottom bunk. Therefore, he cannot prove he is entitled to damages under 18 U.S.C. §1983 and, because he is no

---

[5] Despite Alfred's contention that he was to remain at Forcht Wade for medical treatment, the medical records from Forcht Wade as well as the Second Step Response to his ARP indicate it was never intended as his permanent facility. (Doc. Item 15-4, p.11, 17).

longer incarcerated at Forcht Wade, his claim for injunctive relief moot.

Accordingly, IT IS RECOMMENDED that Alfred's motions for summary judgment (Doc. Item 15) should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that in light of the above recommendation, Alfred's motion for judgment on the pleadings (Doc. Item 37) should be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that because Alfred has failed to prove that he is entitled to relief, this civil rights complaint be DISMISSED WITH PREJUDICE as frivolous pursuant to the provisions of 28 U.S.C. 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana on this 3rd day of March, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE